NATHANIEL R. LUCEY, Esq. (SBN 260796)
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Tel: (408) 286-0880
Fax: (408) 286-0337

Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>EUTROPIO CANEZARES CORETANA and MARY ELAINE CONTRERAS CORETANA,<br><br>Debtors. | Bankruptcy Case No. 08-43574 RLE<br>Chapter 13<br><br>Adversary Proceeding No. 19-4026 RLE<br><br>**MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANTS REAL TIME RESOLUTIONS, INC. AND RRA CP OPPORTUNITY TRUST 1'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FRCP 12(b)(c)]**<br><br>**DATE:** August 8, 2019<br>**TIME:** 11:00 a.m.<br>**CTRM:** 201<br>**JUDGE:** Hon. Roger L. Efremsky |
| MARY CORETANA,<br><br>Plaintiff,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC., RRA CP OPPORTUNITY TRUST 1, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | |

COMES NOW Defendant REAL TIME RESOLUTIONS, INC., and RRA CP OPPORTUNITY TRUST 1 (collectively, "RTR" or "Defendants"), and submit their

- 1 -
MPA ISO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Memorandum of Points & Authorities in support of their Motion to Dismiss Plaintiff MARY CORETANA's Complaint pursuant to FRCP 12(b)(6).

## I. INTRODUCTION

This Action arises out Defendants' attempts to enforce a deed of trust and assignment of rents that Plaintiff MARY CORETANA ("Plaintiff") erroneously believes was discharged during a Chapter 13 Bankruptcy filed by her and her now deceased husband in 2008. Although the subject deed of trust was valued at zero pursuant to an Order of this Court in July 2010, it was never discharged and the order valuing it at zero ceased to be effective, because the Chapter 13 proceeding was dismissed for deficiencies in 2011. Defendants herein proceeded to enforce the deed of trust and, in response, Plaintiff on April 2, 2019 filed a complaint against them in the Alameda County Superior Court alleging Fraud, Slander of Title, and related causes of action based on the incorrect understanding that the debt had been discharged in Plaintiff's bankruptcy. RTR removed Plaintiff's action to this Court, and brings this Motion to Dismiss based on the fact that the debt Plaintiff owes to RTR, as evidenced by the deed of trust, was never discharged and that RTR has a right to fully enforce it.

## II. STATEMENT OF FACTS

### A. Plaintiff's Loan, Default, And Bankruptcy

On or about May 10, 2006, Plaintiff and her now deceased husband, Eutropio Coretana (collectively, "Trustors") obtained a home equity line of credit from Recontrust Company, N.A. ("Trustee") in the principal amount of $133,000.00. The Beneficiary named in the Deed of Trust and Assignment of Rents was Mortgage Electronic Registration Systems, Inc. ("MERS") acting solely as a nominee for lender Countrywide Bank, N.A. Said Deed of Trust and Assignment of Rents related to property located at 2427 Oliver Dr., Hayward, CA. *(See the Deed of Trust attached as an exhibit to Plaintiff's Complaint; Request for Judicial Notice ("RJN") Exhibit "1A").*

On July 10, 2008, Trustors (also referred to as "Debtors") filed a petition for relief under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of California, Oakland Division, entitled *In re: Eutropio Canezares Coretana, Mary Elaine*

*Contreras Coretana,* Case No. 08-43574-LJT.

On or about December 20, 2008, Trustors defaulted on their home equity line of credit.

On June 25, 2010, Debtors filed a motion to value the lien of Bank of America[1] against the 2427 Oliver Drive property and on July 30, 2010, this Court issued an Order Valuing Lien of Bank of America, which held that for purposes of Debtor's Chapter 13 plan only, the lien was valued at zero, Bank of America did not have a secured claim, and the Lien could not be enforced pursuant to 11 U.S.C. §§506, 1322(b)(2) and 1327. Significantly, this Order also stated that if Debtors' Chapter 13 case is dismissed or converted to one under another chapter before Debtors obtain a discharge, then the order would cease to be effective and the Lien would be retained to the extent recognized by applicable non-bankruptcy law, and upon application by the lienholder, the Court would enter an appropriate form of Order restoring the Lien. *(RJN, Ex. 1A)*

### B. Plaintiff's Bankruptcy Was Dismissed for Deficiencies and Therefore the Subject before Debt Was Not Discharged.

On November 10, 2011, the Bankruptcy Trustee filed Trustee's Motion and Declaration to Dismiss Proceedings for Case Deficiencies and Notice Thereon. *(RJN Ex. 2).* On December 8, 2011, the Bankruptcy Court issued an Order of Dismissal After Case Deficiencies. *(RJN Ex. 3)* Pursuant to the dismissal of the bankruptcy and the terms of the Bankruptcy Court's Order Valuing Lien of Bank of America entered on July 30, 2010 (set forth above), the lien was retained to the extent recognized by applicable non-bankruptcy law.

### C. Plaintiff's Current Lawsuit Against RTR.

Despite the dismissal of the bankruptcy and retention of the lien, and in apparent confusion regarding the terms of the Order Valuing Lien of Bank of America, Mary Coretana[2] filed the subject action herein on April 2, 2019, in Alameda County Superior Court. Plaintiff's complaint is based entirely on the erroneous belief that her bankruptcy filing had *discharged* the subject lien and that Defendants (who are successors in interest to Countrywide on the lien) therefore had no rights in it. RRA CP OPPORTUNITY TRUST 1 is the current lienholder and REAL TIME

---

[1] Bank of America purchased Countrywide Bank in approximately January, 2008, and therefore became the lender of the Coretana's HELOC.
[2] Eutropio Coretana died on September 13, 2010.

- 3 -
MPA ISO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

RESOLUTIONS, INC. is the current servicer for RRA CP OPPORTUNITY TRUST 1.

The Causes of Action alleged in Plaintiff's Complaint are as follows:

The First Cause of Action is for Fraud and alleges that on August 13, 2018, Defendants sent Plaintiff a letter falsely stating that Plaintiff owed $96,000 on her home equity line of credit, despite the fact that borrower was allegedly discharged from bankruptcy on July 30, 2010.

The Second Cause of Action is for Slander of Title and is premised on the fact that Defendants recorded a notice of default on February 4, 2019, which constituted slander because Defendants were not the recorded lien holders of the property.

The Third Cause of Action is for Defamation of Character. Plaintiff alleges that by recording the notice of default, Defendants published a statement of fact that was false.

The Fourth Cause of Action for Violation of the Fair Debt Collections Practices Act is based on the contention that RTR failed to honor Plaintiff's "settlement agreement" with this Court and tried to recover money from Plaintiff despite said "settlement agreement".

Plaintiff's Fifth Cause of Action alleges Violation of Cal Bus and Prof. Code Section 17200. Specifically, RTR allegedly violated Cal Civ. Code §1788.17 by violating sections of the FDCPA and acted in an unlawful, fraudulent and misleading manner.

The Sixth and last Cause of Action is for Intentional Infliction of Emotional Distress. Plaintiff alleges that as a proximate result of the acts of Defendants, she was hurt and injured and her health has suffered.

Finally, Plaintiff seeks an award of exemplary and punitive damages from RTR.

### III. LEGAL AUTHORITY

RTR brings this motion pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6). In addressing a dismissal pursuant to Rule 12(b)(6), a court must: (1) construe the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can prove any set of facts to support a claim that would merit relief. *Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–338 (9th Cir.1996). Nonetheless, a court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th

Cir.2008) (citation omitted). A court "need not assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and a court must not "assume that the [plaintiff] can prove facts that it has not alleged or that the defendants have violated ... laws in ways that have not been alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). A court need not permit an attempt to amend if "it is clear that the complaint could not be saved by an amendment." *Livid Holdings Ltd. v. Salomon Smith Barney, Inc*., 416 F.3d 940, 946 (9th Cir.2005).

A "plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D.Cal.1998). In practice, "a complaint ... must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly, supra,* 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co*., 745 F.2d 1101, 1106 (7th Cir.1984)).

A matter that is properly the subject of judicial notice may be considered along with the complaint when deciding a motion to dismiss for failure to state a claim. *Skilstaf, Inc. v. CVS Caremark Corp*, 669 F.3d 1005, 1016 fn. 8 (9th Cir. 2012). Moreover, while a court must accept all well-pleaded factual allegations as true when ruling on a motion to dismiss, it need not accept as true allegations that contradict facts which may be judicially noticed by the court. *Von Saher, supra,* 592 F.3d at 960.

## IV. ARGUMENT

### A. The Entirety of Plaintiff's Complaint Must Be Dismissed Because It Is Based On The Erroneous Premise That The Subject Debt Was Discharged In The Bankruptcy Proceeding

Defendants request that the Court take judicial notice of the Order Valuing Lien of Bank of America entered on docket on July 30, 2010, attached as Exhibit "A" to Plaintiff's Complaint

(*RJN as Ex. "1"*). This Order, on its face, states that if Plaintiff's Chapter 13 is dismissed, "before Debtor obtains a discharge, this order shall cease to be effective and the Lien shall be retained to the extent recognized by applicable nonbankruptcy law."

Defendants also request that the Court take judicial notice of this Court's Order of Dismissal After Case Deficiencies entered on Docket on December 8, 2011(*RJN Ex. "2"*). This Dismissal clearly states on its face that it is "ORDERED that the above-captioned case be dismissed, and that any restraining orders hereto entered in this case are hereby vacated."

Based on both of these documents, when the CORETANA bankruptcy was dismissed, the value of the subject lien returned to what it was prior to the bankruptcy filing and the holder regained its right to enforce it. Since the entirety of Plaintiff's Complaint is based on RTR's attempts to collect a debt Plaintiff believes to be discharged, if the debt was not discharged, then Plaintiff's complaint fails to state a valid cause of action and must be dismissed without leave to amend.

### B. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Fraud

To avoid dismissal for failure to state a claim under *Fed. R. Civ. P. 12(b)(6)*, a plaintiff must aver in his complaint sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. It is axiomatic that a claim cannot be plausible when it has no legal basis. A dismissal under *Rule 12(b)(6)* may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.

Plaintiff's First Cause of Action for Fraud arises out of RTR's attorney's letter to her dated August 13, 2018 stating that she owed $96,461.56 for a home equity line of credit (originally between Countrywide Bank and Eutropio Coretana) and that that representation was allegedly false because the debt was discharged in their bankruptcy case. *[Request for Judicial Notice, Ex. 1, ¶¶ FR-2(a) and (b)]* However, if the debt is reactivated because the bankruptcy case was dismissed due to deficiencies, the representation in counsel's letter is not false now and was not false when it was made in August, 2018. Without the element of a false representation, Plaintiff's first cause of action for Fraud fails to state a claim and must be dismissed.

- 6 -
MPA ISO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

### C. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Slander Of Title

Slander of title is a tortious injury to property resulting from unprivileged, false, malicious publication of disparaging statements regarding the title to property owned by a plaintiff, to the plaintiff's damage. The recordation of an instrument facially valid, but without underlying merit will give rise to an action for slander of title. To establish a claim for slander of title, the plaintiff must establish: (1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss. *Cedano v. Aurora Loan Servs., LLC (In re Cedano),* 2012 Bankr. LEXIS 1528.

In her second cause of action for Slander of Title, Plaintiff alleges that when RTR recorded a Notice of Default and Election to Sell Under Deed of Trust on February 4, 2019, against Plaintiff's home, the statement constituted slander because it was untrue "as the defendants' were not the recorded lien holders of the estate." (RJN, Ex. 1, p. 5, ¶1)

Once again however, if the debt is reactivated because the bankruptcy case was dismissed due to deficiencies, then the Notice of Default was indeed valid and Defendants were indeed the recorded lien holders of the estate. Without the element of a false publication, Plaintiff's second cause of action for Slander of Title must be dismissed under *Rule 12(b)(6)* based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.

### D. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Defamation of Character

Plaintiff's Third Cause of Action for Defamation of Character is based on the same allegations as her Second Cause of Action: when RTR recorded a Notice of Default and Election to Sell Under Deed of Trust on February 4, 2019, it published a statement of fact that was allegedly false and unprivileged. What Plaintiff fails to understand, however, is that when her bankruptcy was dismissed, RTR regained their right to enforce the lien and therefore its Notice of Default was not a false statement. If there is no false statement, and the Court can take judicial notice of that fact, then there can be no basis for a cause of action for Defamation of Character and, therefore, the Third Cause of Action must be dismissed.

//

### E. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Violation Of The FDCPA

Plaintiff's Fourth Cause of Action is for Violations of the Federal Debt Collection Practices Act and Plaintiff incorporates her preceding allegations into this cause of action. Here, it appears that Plaintiff contends that RTR is failing to honor Plaintiff's "original settlement agreement and order of the Bankruptcy Court and instead, attempted to deceptively recover money from plaintiff." *(RJN Ex. 1, p. 7)*.

As is the case with the previous causes of action, this cause of action is also premised on the incorrect belief on Plaintiff's part that the Bankruptcy Court discharged her debts and that RTR's lien was wiped out. In light of the fact that the lien was not wiped out and Plaintiff's debts were not discharged, Plaintiff cannot assert a valid cause of action for violation of the FDCPA, and the Fourth Cause of Action must be dismissed without leave to amend.

### F. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Violation Of The Bus. & Prof. Code §17200

Plaintiff incorporates her previous allegations into her Sixth Cause of Action for Violation of Bus. & Prof. Code §17200. Although the allegations are conclusory and vague, she is apparently contending that RTR's attempts to enforce its lien are a violation of the Unfair Business Practices Act: "As explained in the preceding paragraphs, defendants and each of them were aware of the unlawful acts committed in violation of a number of regulations" and that defendants' actions were unlawful, unfair and fraudulent or misleading within the meaning of Bus. & Prof. Code §17200.

If this Court takes judicial notice of its previous rulings in Plaintiff's Chapter 13 bankruptcy, it is axiomatic that RTR has regained its right to enforce its lien and, therefore, no valid cause of action for violation of the Unfair Business Practices Act has been or can be asserted by Plaintiff. Plaintiff's Fifth Cause of Action, like the causes of action before it, must be dismissed with prejudice.

### G. RTR Regained Its Right To Enforce The Lien And Therefore Plaintiff Cannot State A Claim For Intentional Infliction of Emotional Distress

Plaintiff's Sixth and final Cause of Action is for Intentional Infliction of Emotional

1 | Distress. It too is premised on Plaintiff's patently false allegation that RTR does not have a right
2 | to enforce its lien and that as a result of the wrongful enforcement efforts, Plaintiff suffered
3 | emotional distress. Since judicial notice can be taken of the fact that RTR has a valid lien and
4 | can enforce said lien, Plaintiff cannot state a cause of action for Intentional Infliction of Emotional
5 | Distress and the Sixth Cause of Action must be dismissed with prejudice.

## V. CONCLUSION

Plaintiff's entire complaint is based on a false premise. Inexplicably, Plaintiff does not comprehend the unambiguous words in the Order Valuing Lien of Bank of America and the Order Dismissing her bankruptcy due to deficiencies. Together, these documents revive RTR's loan to Plaintiff and Plaintiff is once again obligated to make payments on it. RTR has every right to enforce this loan and, therefore the steps it has taken to collect its debt are legitimate. Without being able to rely on a discharge of the home equity line debt in bankruptcy, Plaintiff's complaint has failed to state a single cause of action against Defendants, nor could it. Therefore, Plaintiff's complaint must be dismissed with prejudice at this time.

DATED: May 15, 2019

ERICKSEN ARBUTHNOT

/s/
_____
NATHANIEL R. LUCEY, Esq.
Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1