Tiega-Noel Varlack, Esq.  (SBN 248203)
VARLACK LEGAL SERVICES
225 W. Winton Ave., Suite 207
Hayward, CA 94544
Office:  510-397-2008
FAX:     510-397-2997
Email:tiega@varlacklegal.com

Attorney for Plaintiff
Mary Coretana

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>EUTROPIO CANEZARES CORETANA and MARY ELAINE CONTRERAS CORETANA,<br><br>Debtors. | Bankruptcy Case No.: 08-43574-RLE13<br><br>Chapter 13<br><br>Adversary Proceeding No. 1904026 RLE<br><br>Sup. Ct. Case No. HG19013119<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND** |
| MARY CORETANA,<br><br>Plaintiff,<br><br>REAL TIME RESOLUTIONS, INC., RRA CP OPPORTUNITY TRUST 1, AND DOES 1 THROUGH 10, INCLUSIVE<br>Defendants. | **Hearing date:**   **August 8, 2019**<br>**Time:**                **11:00 a.m.**<br>**Judge:**              **Roger L. Efremsky**<br>**Courtroom:**     **201** |

### A.    INTRODUCTION

In May of 2006, plaintiff and her husband took out a home equity line of credit against their home located at 2427 Oliver Drive, Hayward, CA 94545 ("Property") totaling $133,000.00. The line of credit was recorded as a lien against the property as document 2006194028 ("lien") at

the Santa Clara County Recorder's office on May 16, 2006. (Ex. A, to Ex. 1 Notice of Removal) In May of 2008, plaintiff and her husband began to experience financial difficulties and with the assistance of their attorney filed a Chapter 13 Bankruptcy, *in re Eutropio Canezares, Mary Elaine Contreras Coretana*, Case No. 08-43574-LJT on July 10, 2008. Unfortunately, plaintiff's husband passed away in 2009, making matters worse.

As a part of the bankruptcy proceedings, plaintiff filed a motion to value the lien which was then owned by Bank of America ("BofA"). On July 30, 2010, the Court issued an order valuing BofA's lien at zero, and further ordered that BofA did not have a secured claim and that the lien may not be enforced. (Ex. A, to Ex. 1 Notice of Removal) The Court added, "and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien." *Id.*

On December 8, 2011 the Court dismissed the case due to procedural issues. Plaintiff heard nothing whatsoever from the Court or BofA relating to the lien thereafter. And it is uncontested that BofA did not apply at any time to have the lien restored. *Id.*

In its notice of removal, defendants REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST 1 baldly asserted that they comprise the current lienholder and current servicer of the lien despite having presented no evidence of title.

In fact, defendants have never appeared in this Court on the bankruptcy case that was dismissed in 2011 and did not contact plaintiff until August 13, 2018 to notify her that they intended to foreclose on the property. (Ex. A, to Varlack Decl.)

Understanding that the lien had never been reinstated, and that the Bankruptcy case had been dismissed and that defendants had shown zero proof of title, plaintiff filed a consumer protection action in the Alameda County Superior Court on April 2, 2019. (*Coretana v. Real Time Resolutions, et al*, Alameda County Superior Court Case No. HG19013119)

On May 13, 2019, she received notice that defendants had removed the case to this Court. It was plaintiff's belief that the BofA lien for the property had been extinguished in the bankruptcy proceedings.

### B. PROCEDURAL POSTURE

**Defendants removed the case invoking 28 U.S.C. § 1452 and FRBP 9027.**

**Section 1452(a), provides that "a party may remove any claim or cause of action in a civil action . . . if such district court has jurisdiction of such claim or cause of action under section 1334 of this title."**

**However, through this motion, plaintiff invokes 28 U.S.C. § 1452(b) which provides that:**

> (b)The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

**28 U.S.C. § 1452(b)**

### C. ARGUMENT

**A.  28 U.S.C. § 1447(c) Lack of Subject matter Jurisdiction:**

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

**28 U.S.C. § 1447(c)**

**28 U.S.C. § 1334, et seq. provides:**

- 3 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND
Case: 19-04026   Doc# 19   Filed: 06/14/19   Entered: 06/14/19 16:25:59   Page 3 of 9

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

**28 U.S.C. § 1334(a)-(b)**

Here, the Court should remand the case to the State Court pursuant to §1447(c), because it lacks subject matter jurisdiction over the removed case for the following reasons:[1]

1) Although plaintiff previously filed a matter under Chapter 13 that case was dismissed in 2011.

2) Although defendants will argue that they own and service the lien that was included in the Chapter 13 bankruptcy they have not established chain of title and thus lack standing.

3) The subject matter of plaintiff's State law case is based on defendants' violation of debt collection laws, not bankruptcy issues. Moreover, plaintiff did not file her state law case as a debtor, but as a victim of defendants' abuses of the consumer protection laws. And the civil action is not brought against anyone named in the chapter 13 case.

Plaintiff's motion is timely because the remand procedure prescribed by § 1447(c), which includes the 30-day time limit, does not preempt the different remand procedure that applies to § 1452(b), which permits remand on "any equitable ground" without mentioning a time limit. (*Billington v. Winograde* (*In re Hotel Mt. Lassen*) (Bankr.E.D.Cal. 1997) 207 B.R. 935, 939.)

Further, the motion is timely because it raises the question of subject matter jurisdiction.

---

[1] All fact references are to the accompanying declaration of Tiegs-Noel Varlack filed concurrently herewith.

- 4 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND
Case: 19-04026    Doc# 19    Filed: 06/14/19    Entered: 06/14/19 16:25:59    Page 4 of 9

The 30-day time limit in § 1447(c) applies only to motions that are based on "any defect other than lack of subject matter jurisdiction." (28 U.S.C. § 1447(c)). Consistent with well-understood rules of jurisprudence, motions based on lack of subject matter jurisdiction may be filed at any time before final judgment. 14A Charles Alan Wright et al., FEDERAL PRACTICE & PROCEDURE § 3739 (2d ed. 1985 & 1996 Supp.).

Indeed, "Federal subject matter jurisdiction over civil actions between nondiverse, nondebtors based on state law exists, if at all, only if the civil actions are "related to" the underlying bankruptcy case . . . " (*Billington v. Winograde* (*In re Hotel Mt. Lassen*) (Bankr.E.D.Cal. 1997) 207 B.R. 935, 939.)

The test for "related to" jurisdiction under § 1334(b) is the Third Circuit's so-called *Pacor* test, which the Ninth Circuit expressly adopted in *Fietz v. Great Western Savings* (*In re Fietz*), 852 F.2d 455, 457 (9th Cir. 1988). The court stated, "[a] matter, for purposes of § 1334(b), is "related to" a bankruptcy case if: The outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Id.* That is to say, "the proceeding need not necessarily be against the debtor or against the debtor's property." *Id.* Rather, "[a]n action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankruptcy estate." Id.

As applied herein, defendants cannot show that the outcome of the state case would "affect" the outcome of the plaintiff's chapter 13 case because the chapter 13 case was dismissed almost nine years ago. (*Billington v. Winograde* (*In re Hotel Mt. Lassen*) (Bankr.E.D.Cal. 1997) 207 B.R. 935, 940 ("the specific inquiry is into the extent to which there is an interference with the accomplishment of the terms of the confirmed plan of reorganization.")

In sum, nothing in the dismissed case explicitly provides for jurisdiction over actions against third parties, i.e., defendants who were not named therein.

And no feature of the dismissed chapter 13 plan "otherwise warrants the exercise of such jurisdiction." (*Billington v. Winograde (In re Hotel Mt. Lassen)* (Bankr.E.D.Cal. 1997) 207 B.R. 935, 941.)

No action by the plaintiff against the defendants would in any way impact upon the handling and administration of the bankruptcy case, "which at this juncture appears to be an empty shell. Thus, the removed actions are not "related to" the bankruptcy case within the meaning of 28 U.S.C. § 1334(b)." (*Billington v. Winograde (In re Hotel Mt. Lassen)* (Bankr.E.D.Cal. 1997) 207 B.R. 935, 941.)

As such, "[t]here being no other apparent basis for exercising subject matter jurisdiction, there is no federal subject matter jurisdiction. Accordingly, the removed actions must be remanded." *Id.* Here, the Court should remand the case to the State Court pursuant to §1447(c), because it lacks subject matter jurisdiction over the removed case

**B.     The Court Should Abstain from Hearing the Case, 28 U.S.C. § 1334**

The circumstances under which a bankruptcy court should abstain are spelled out in 28 U.S.C. § 1334, which was ratified as a part of the 1984 amendments to the Bankruptcy Act of 1978. (28 U.S.C. § 1334) Indeed, Congress passed the amendments to heal constitutional infirmities in the Act's jurisdictional provisions found by the *Supreme Court in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 73 L. Ed. 2d 598, 102 S. Ct. 2858 (1982). In *Marathon*, the court held that a traditional state common-law action subjected to federal adjudication because of a bankruptcy filing must be heard by an Article III judge. *Id.*

Section 1334 sets forth when a bankruptcy court must abstain and when it may abstain in favor of state court adjudication of an issue. (28 U.S.C. § 1334) In sum, the statute provides that nothing in this section prevents a district court in the interest of justice or in the interest of

comity with State courts or respect for the State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

The Court should consider the following the factors when deciding whether to abstain:

(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of nondebtor parties. (*In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166-1167.)

In *re Republic Reader's Serv., Inc.,* 81 Bankr. 422, 429 (Bankr. S.D. Tex. 1987). The bankruptcy court in this case chose not to abstain because: (1) it could not determine based on the evidence before it whether execution of the state court judgment would have an economic impact on the debtor's estate, (2) the case is a core proceeding in which the bankruptcy court should enter the final order, and (3) the golf course and income derived from it are estate property, over which the bankruptcy court has exclusive jurisdiction. (*In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166-1167 (internal citations omitted.)

An application of the factors set forth in *Tucson* supports plaintiff's request for order remanding her case to the State court. As an initial matter, in this case, there is no bankruptcy estate to administer. (*In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166-1167.)

The case was dismissed in 2011. (Varlack Decl.) There are no bankruptcy issues; the matters raised in the state law case centers on violations of debt collection laws and deceptive trade practices. *Id.* The law of consumer protection, specifically Cal. Business and Professions Code law is well settled in the state court. *Id.* There is no related proceeding other than the state court case. *Id.*

Further, plaintiff submits that the Court does not have jurisdiction under Section 1334, because the removed case does not fall under Title 11. (28 U.S.C. § 1334) The degree of relatedness or remoteness of the proceeding to the main bankruptcy case, is a non-issue as the bankruptcy case was dismissed eight years ago. (Varlack Decl.) The substance of the "core" proceeding sounds in state law. *Id.* Plaintiff also has a right to a jury trial. Understanding the same the Court is asked to abstain from hearing the removed case on equitable grounds. (*In re Tucson Estates, Inc.* (9th Cir. 1990) 912 F.2d 1162, 1166-1167.)

### C. **CONCLUSION**

Based on the foregoing, the Court should issue the requested order. Section 1447(c) provides that a remand order "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Since the use of the verb "may" connotes discretion, the decision to order an award of attorney fees is within the discretion of the court. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992)

- 8 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND
Case: 19-04026    Doc# 19    Filed: 06/14/19    Entered: 06/14/19 16:25:59    Page 8 of 9

Bad faith need not be shown before making a fee award under § 1447(c). (*Billington v. Winograde* (*In re Hotel Mt. Lassen*) (Bankr.E.D.Cal. 1997) 207 B.R. 935, 942-943.)

Based on the foregoing, Plaintiff respectfully requests that this court remand this case to state court and award plaintiff attorney's fees and costs incurred pursuant to *28 U.S.C. § 1447(c)*.

Dated: June 11, 2019

*Tiega-Noel Varlack*
/s/
**Tiega-Noel Varlack**