FAX FILING

FILED
JUL 2 5 2019
BANKRUPTCY COURT
OAKLAND, CALIFORNIA

NATHANIEL R. LUCEY, Esq. (SBN 260796)
LAURA E. MALKOFSKY, Esq. (SBN 142536)
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Tel: (408) 286-0880
Fax: (408) 286-0337

Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>EUTROPIO CANEZARES CORETANA and<br>MARY ELAINE CONTRERAS CORETANA,<br><br>Debtors. | Bankruptcy Case No. 08-43574 RLE<br>Chapter 13<br><br>Adversary Proceeding No. 19-4026 RLE<br><br>**MEMORANDUM OF POINT AND AUTHORITIES IN SUPPORT OF DEFENDANTS REAL TIME RESOLUTIONS, INC. AND RRA CP OPPORTUNITY TRUST 1'S OPPOSITION TO MOTION FOR REMAND**<br><br>DATE: August 8, 2019<br>TIME: 11:00 a.m.<br>CTRM: 201<br>JUDGE: Hon. Roger L. Efremsky |
| MARY CORETANA,<br><br>Plaintiff,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC., RRA CP OPPORTUNITY TRUST 1, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | |

- 1 -
MPA ISO OPPOSITION TO MOTION FOR REMAND

## I. INTRODUCTION

This Adversary Proceeding arises out REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST 1's (hereinafter referred to collectively as "RTR") attempts to enforce a deed of trust and assignment of rents that Plaintiff MARY CORETANA ("Plaintiff" or "Debtor") erroneously believes was discharged during a Chapter 13 Bankruptcy filed in 2008 by her and her now deceased husband. Although the subject deed of trust was valued at zero for the purposes of a Chapter 13 Plan pursuant to an order of this Court, the order, by its very terms, pursuant to 11 U.S.C. 349, and pursuant to the court's own Guidelines For Valuing Collateral, ceased to be effective because the Chapter 13 proceeding was dismissed (without a discharge) for deficiencies in 2011.

RTR proceeded to enforce the deed of trust and, in response, on April 2, 2019 Plaintiff filed a complaint in the Alameda County Superior Court alleging Fraud, Slander of Title, and related causes of action. Each cause of action is directly related to and premised on debtor's incorrect understanding that her and her late husband's debt had been discharged in their bankruptcy.

The Bankruptcy Court has statutory jurisdiction over this matter because it is a "core" proceeding under *28 U.S.C. §157(b)(2)* in that it requires the determination of the validity and extent of the Bankruptcy Court's dismissal of plaintiff's Chapter 13 case and specifically, how that dismissal effected RTR's lien. Alternatively, the matter is "related to" plaintiff's bankruptcy such that the bankruptcy court has jurisdiction pursuant to *28 U.S.C. §1334(b)*. Because the Bankruptcy Court has jurisdiction, debtor's Motion for Remand must be denied. Alternatively however, if this Court rules that remand is appropriate, RTR requests that this case be transferred to District Court for the Northern District of California because this case involves the Federal Fair Debt Collection Practices Act (FDCPA).

## II. STATEMENT OF FACTS

### A. PLAINTIFF'S LOAN, DEFAULT, AND BANKRUPTCY

On or about May 10, 2006, Plaintiff and her now deceased husband Eutropio Coretana

- 2 -
MPA ISO OPPOSITION TO MOTION FOR REMAND

1 (collectively, "Trustors") obtained a home equity line of credit from Recontrust Company, N.A.
2 ("Trustee") in the principal amount of $133,000.00. The Beneficiary named in the Deed of Trust
3 and Assignment of Rents was Mortgage Electronic Registration Systems, Inc. ("MERS") acting
4 solely as a nominee for lender Countrywide Bank, N.A. Said Deed of Trust and Assignment of
5 Rents related to property located at 2427 Oliver Dr., Hayward, CA.

6 On July 10, 2008, Trustors ("Debtors") filed a petition for Chapter 13 Bankruptcy entitled *In re: Eutropio Canezares Coretana, Mary Elaine Contreras Coretana,* Case No. 08-43574-LJT ("Bankruptcy Case").

On or about December 20, 2008, Trustors/Debtors defaulted on their home equity line of credit.

On June 25, 2010, Debtors filed a motion to value the lien of Bank of America against the 2427 Oliver Drive property and on July 30, 2010, this Court issued an Order Valuing Lien of Bank of America, which held that for purposes of Debtor's Chapter 13 plan only, the lien was valued at zero (11 U.S.C. §§506, 1322(b)(2) and 1327) ("Order Valuing Lien" Docket#55)

Significantly, and consistent with 11 U.S.C. 349 and this court's Guidelines For Valuing Collateral, the Order Valuing Lien specifically provided that if Debtors' Chapter 13 case was dismissed or converted before Debtors obtained a discharge, then the order would cease to be effective and the lien would be retained to the extent recognized by applicable non-bankruptcy law.

**B. PLAINTIFF'S BANKRUPTCY WAS DISMISSED FOR DEFICIENCIES AND WITHOUT ANY DISCHARGE.**

On November 10, 2011, the Bankruptcy Trustee filed Trustee's Motion and Declaration to Dismiss Proceedings for Case Deficiencies and Notice Thereon (Docket #64). On December 8, 2011, the Bankruptcy Court issued an Order of Dismissal After Case Deficiencies (Docket #66). Pursuant to the dismissal of the bankruptcy, 11 U.S.C. 349, the terms of the Bankruptcy Court's Order Valuing Lien, and the court's Guidelines for Valuing Collateral, the lien was retained to the extent recognized by applicable non-bankruptcy law. Debtors did not receive a

Case: 19-04026   Doc# 22   Filed: 07/25/19   Entered: 07/25/19 15:58:57   Page 3 of 10

discharge of any debts prior to dismissal of the Bankruptcy Case[1].

### C. MOVING PARTIES OWN THE SUBJECT LIEN

In approximately January 2008, Bank of America purchased Countrywide Bank and became the lender of the Coretana's HELOC. On April 22, 2016 moving party RRA CP Opportunity Trust ("RRA") purchased the HELOC and pursuant to an agreement between RRA and Real Time Resolutions, Inc., Real Time Resolutions, Inc. is the loan servicer.

### D. PLAINTIFF'S CURRENT LAWSUIT AGAINST RTR

Despite the dismissal of the bankruptcy and retention of the lien, and in apparent confusion regarding the terms of the Order Valuing Lien, on April 2, 2019 Plaintiff filed an underlying state court action in Alameda County Superior Court. Plaintiff's complaint is based entirely on the erroneous belief that her bankruptcy filing had *discharged* the subject lien and that RTR (successors in interest to Countrywide on the lien) therefore had no rights in it.

The six causes of action alleged in Plaintiff's Complaint are as follows:

The First Cause of Action is for Fraud and alleges that on August 13, 2018, RTR sent Debtor a letter falsely stating that she owed $96,000 on her home equity line of credit;

The Second Cause of Action is for Slander of Title and is premised on the fact that RTR recorded a notice of default on February 4, 2019 and such allegedly constituted slander because RTR was not the recorded lien holder;

The Third Cause of Action is for Defamation of Character and alleges that by recording the notice of default, RTR published a statement of fact that was false;

The Fourth Cause of Action for Violation of the Fair Debt Collections Practices Act is based on the contention that RTR failed to honor Debtor's "settlement agreement" with this Court and tried to recover money from debtor despite said "settlement agreement";

The Fifth Cause of Action alleges Violation of Cal Bus and Prof. Code Section 17200. Specifically, Plaintiff alleges that RTR violated Cal Civ. Code §1788.17 by violating sections of

---

[1] Contrary to Plaintiff's Complaint, plaintiff obviously recognizes she did not receive a discharge in the Bankruptcy Case because prior to the dismissal, she filed a Motion for Hardship Discharge (Docket# 62)

1 | the FDCPA and acted in an unlawful, fraudulent and misleading manner;

2 | The Sixth and last Cause of Action is for Intentional Infliction of Emotional Distress and alleges that as a proximate result of the acts of RTR, Plaintiff was hurt and injured and her health has suffered.

Finally, Debtor seeks an award of exemplary and punitive damages from RTR.

## III. ARGUMENT

### A. THE BANKRUPTCY COURT HAS SUBJECT MATTER JURISDICTION

#### 1. Plaintiff's Contention That the Bankruptcy Court Lacks Subject Matter Jurisdiction Because Her Chapter 13 Was Dismissed in 2011 Is Erroneous.

Plaintiff contends that the Bankruptcy Court lacks subject matter jurisdiction because her Chapter 13 case was dismissed in 2011. This contention is without merit. Pursuant to 11 USCS § 350(b), a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, *or for other cause*. This matter qualifies under § 350(b) because RTR seeks this Court's interpretation and enforcement of 11 USC §349, 11 USC §506, its own Guidelines For Valuing Collateral, and its own Order Valuing Lien, all which provide that the lien was retained to the extent recognized by applicable non-bankruptcy law.

Alternatively, since the docket of Plaintiff's Chapter 13 case does not contain an Order closing the bankruptcy, it is possible that the case was dismissed but never closed. If that is the case, and 11 USCS § 350 does not apply here, the Bankruptcy Court still has ancillary jurisdiction. The Ninth Circuit has held that after dismissal of the underlying case, the bankruptcy court retains jurisdiction to interpret its orders entered prior to dismissal and to dispose of ancillary matters. *Aheong v. Mellon Mortg. Co. (in Re Aheong)* 276 B.R. 233, 240 (2002), citing *Tsafaroff v. Taylor (In re Taylor)*, 884 F.2d 478, 481 (9th Cir. 1989). This is precisely what the Court is being asked to do in this case. Therefore, there is no obstacle to the court interpreting and enforcing its Order Valuing Lien.

//

#### 2. RRA Now Owns, and RTR Now Services The Bank Of America Lien.

RRA purchased plaintiff's HELOC in April of 2016 but even before that, RTR was the servicer of the loan. Despite Debtor's claim in her moving papers that RTR never appeared in the Bankruptcy Case, both REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST are listed on Debtor's Matrix for Local Noticing in her bankruptcy action. (See Request for Judicial Notice filed herewith.) In fact, plaintiff actually listed RTR on her Certificate of Service for the Motion To Value Lien of Bank of America (Docket#49). RTR received notices in the bankruptcy and thus, plaintiff clearly recognized RTR's interest in the bankruptcy estate. Plaintiff's insinuation that she had never heard of RTR until it contacted her in 2018 is simply inaccurate.

### 3. The Bankruptcy Court Has Subject Matter Jurisdiction Because This Matter Qualifies As A Core Proceeding Under 28 U.S.C. §157(b)(2).

28 U.S.C. §157(b)(1) provides that "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11" that are referred to it by the district court. Congress provided a non-exhaustive list of core proceedings in 28 U.S.C. §157(b)(2). **The proceedings listed include "the determination of the validity, extent, or priority of liens." §157(b)(2)(K).** (bold added). This Action unquestionably falls under the umbrella of subsection (K) of §157(b)(2).

Mrs. Coretana's state court action for fraud, slander of title, defamation, violations of the FDCPA, etc. is premised entirely on her mistaken belief that the lien is now extinguished. She ignores 11 U.S.C. §349, which mandates that the dismissal of a bankruptcy case reinstates any lien voided by §506(d). Moreover, plaintiff ignores the Order Valuing Lien which specifically states that if Plaintiff/Debtors' Chapter 13 case is dismissed before Plaintiff/Debtor obtains a discharge, then the order ceases to be effective and the Lien will be retained to the extent recognized by applicable non-bankruptcy law. Plaintiff also ignores this court's Guidelines for Valuing Collateral which are consistent with 11 USC §349 and the Order Valuing Lien. In short, plaintiff's state court action challenges the applicable Bankruptcy Code, the Bankruptcy Court's orders in her Chapter 13 Case, the very nature of the Bankruptcy Court's authority to determine when a debtor obtains a discharge of a debt and when they do not, and, the validity, extent, and

- 6 -
MPA ISO OPPOSITION TO MOTION FOR REMAND

priority of RTR/Bank of America's lien.

It is also much more efficient for the Bankruptcy Court to handle this matter than for a state court to do so. Whichever court has jurisdiction over this matter, it will be required to do all of the following: (1) determine the validity, extent, or priority of the Bank of America lien; (2) interpret the Bankruptcy Court's Order Valuing Lien; (3) apply the Bankruptcy Code; and (4) apply the Guidelines On Valuing Collateral. After all, this is a dispute between a secured creditor and a debtor relating to an asset of the bankruptcy estate. Certainly, it is the Bankruptcy Court which knows best how to apply its laws and interpret its orders. There is no efficiency in having the state court look at this matter anew and determine the rights of a debtor, the validity of the lien and whether a debt has been discharged.

### 4. The Bankruptcy Court Has Subject Matter Jurisdiction Because This Matter Is "Related To" Plaintiff's Bankruptcy Pursuant To 28 U.S.C. §1334(b).

Even if a state court action did not arise under the Bankruptcy Code, it can still be "related to" a bankruptcy case such that the bankruptcy court has jurisdiction pursuant to *28 U.S.C. §1334(b)*: "Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11".

The inquiry for determining if a matter is "related to" a bankruptcy case is if the outcome of the case could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate. *In re Fietz* (9th Cir. 1988) 852 F2d. 455, 457. Certainly, the outcome of the proceeding herein will impact both plaintiff's rights and RTR's rights. Plaintiff is alleging numerous claims of unlawful debt collection directly based on the mistaken premise that RTR's lien was discharged. Plaintiff's claims are solely based on her direct contravention of the specific terms set forth in the Bankruptcy Court's Order Valuing the Lien, (as well as 11 U.S.C. §349 and the court's Guidelines for Valuing Collateral). It is axiomatic that Plaintiff's claims are "related to" the proceedings which took place in the Bankruptcy Case.

- 7 -

Case: 19-04026    Doc# 22    Filed: 07/25/19    Entered: 07/25/19 15:58:57    Page 7 of 10

Plaintiff mistakenly relies on the case of *Billington v. Winograde (In re Hotel Mt. Lassen)* 207 B.R. 935, to support her claim that RTR cannot establish that the outcome of plaintiff's state case would "affect" the outcome of her Chapter 13 case because the Chapter 13 case was dismissed 9 years prior: "No action by the plaintiff against the defendants would in any way impact upon the handling and administration of the bankruptcy case, 'which at this juncture appears to be an empty shell. Thus, the removed actions are not 'related to' the bankruptcy case within the meaning of 28 U.S.C. §1334(b). (Plaintiff's MPA ISO Motion for Remand 6:5-10).

However, the facts in *Billington* are inapposite to those of this case. The holding in *Billington* is not based on the fact that the bankruptcy was dismissed long before the state court actions arose. It is based on the finding that the new claims were completely unrelated to the bankruptcy in a myriad of ways. In *Billington* five civil actions were filed in Lassen County Municipal Court against Mr. and Mrs. Winograde individual and doing business as Hotel Mt. Lassen pursuant to a fictitious business name. The plaintiffs were suppliers to the hotel. The five actions were removed to bankruptcy court by Hotel Mt. Lassen, Inc., the corporate debtor in a Chapter 11 case. The corporation operated the Hotel Mt. Lassen (which was old and dilapidated) and the Winogrades were the sole officers and directors of the corporation. The Second Amended Trustee's Plan of Liquidation and Distribution stated that the estate would continue in existence until the trustee liquidated all of the property, the automatic stay would remain in effect so long as the property remained property of the estate, *and there would be no discharge of the debtor*. (emphasis added). However, the projected sale of the property fell through and the trustee's motion for authority to abandon the hotel and the business was granted in August 1995. The hotel ceased being property of the estate protected by the automatic stay.

The five removed civil actions were all filed within four months of August 1995. They were all brought against the Winogrades individually seeking to collect unpaid bills. The debtor corporation was not a party and the civil actions were premised solely on theories of individual liability under state law. The removing defendants contended there was subject matter jurisdiction. They, like debtor in the case at bar, were relying on the false premise that the debts of the corporation had been discharged. Even though the Winogards were not debtors in the

- 8 -
MPA ISO OPPOSITION TO MOTION FOR REMAND

Case: 19-04026 Doc# 22 Filed: 07/25/19 Entered: 07/25/19 15:58:57 Page 8 of 10

bankruptcy, they argued that the five civil actions against them, as individual owners of the debtor corporation, impermissibly interfered with the plan of reorganization. The bankruptcy court disagreed. The court noted that no action by the five plaintiffs against debtor's principals or against the hotel property (which was no longer part of the bankruptcy estate) "would in any way impact upon the handling and administration of the bankruptcy estate, which at this juncture appears to be an empty shell. Thus, the removed actions are not 'related to' the bankruptcy case within the meaning of 28 U.S.C. §1334(b). *In re Hotel Mt. Lassen)* supra at p. 941.

Unlike *In re Hotel Mt. Lassen*, in the case at bar the state litigation and the Bankruptcy Case involve the same parties. Here, it is the Debtor herself that is plaintiff in the state court action removed by RTR. Moreover, both REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST 1 were listed on the Label Matrix for Local Noticing in the Chapter 13 bankruptcy, were listed on the Debtors' Certificate of Service on their Motion To Value Lien of Bank of America, and received notices relating to the Bankruptcy Case. The Bankruptcy Court issued a specific order relating to the value of the Bank of America lien serviced by RTR and RTR's defense of Plaintiff/Debtor's newly filed litigation is dependent upon the interpretation of the July 30, 2010 Order Valuing Bank of America Lien.

Plaintiff's state court claims against RTR are also "related to" her Chapter 13 bankruptcy in another important way that makes it essential for the Bankruptcy Court to resolve this adversarial action: If Plaintiff's claims have any merit, and her debt to RTR was indeed discharged, RTR could potentially be subject to claims it had violated the discharge injunction set forth in 11 U.S.C. §524. RTR, as well as any other creditors of Debtor, should be provided with accurate and certain information in this regard and it is the Bankruptcy Court which must make this determination.

//

### B. ABSTENTION IS NOT PERMITTED IF A CASE HAS ALREADY BEEN REMOVED FROM STATE COURT

Plaintiff argues that this court should abstain from hearing this Adversarial Proceeding pursuant to 28 U.S.C. §1334. However, neither mandatory nor discretionary abstention is applicable in this case because abstention is improper when an action has been removed from

- 9 -

MPA ISO OPPOSITION TO MOTION FOR REMAND

state court. 28 U.S.C. §1334(c)(2) states in pertinent part as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Since the section quoted above refers to an action "commenced" in connection with mandatory abstention, a state court action must currently be pending when the court considers the abstention motion. *In re Lazar* (9th Cir. 2001) 237 F.3d 967, 981-982. This requirement is equally applicable to discretionary abstention as well. See, March, Ahart & Shapiro, CAL. PRAC. GUIDE: BANKRUPTCY (The Rutter Group 2017) §§1:739.5 and 1:767.

## IV. CONCLUSION

For the reasons set forth above, RTR respectfully requests that the Court deny Plaintiff's Motion for Remand. Alternatively, if the court rules that this matter should be remanded, RTR requests that it be transferred to the U.S. District Court for the Northern District of California because debtor's claims against RTR include a claim for violation of the Federal Debt Collection Practices Act.

DATED: July 25, 2019

ERICKSEN ARBUTHNOT

/s/
_____
NATHANIEL R. LUCEY, Esq.
Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1