Tiega-Noel Varlack, SBN 248203
Varlack Legal Services
225 W. Winton Avenue, Suite 207
Hayward, CA 94544
Tel: (510) 397-2008
Fax: (510) 397-2997
tiega@varlacklegal.com

Attorney for Plaintiff
MARY CORETANA

## IN THE UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIIVISION

EUTROPIO CANEZARES CORETANA and
MARY ELAINE CONTRERAS CORETANA,

     Debtors

_____

MARY CORETANA,

     Plaintiff,

REAL TIME RESOLUTIONS, INC., RRA CP
OPPORTUNITY TRUST 1, AND DOES 1
THROUGH 10, INCLUSIVE,

     Defendants.

Bankruptcy Case No.: 08-43574-RLE13

Chapter 13

Adversary Proceeding No. 1904026 RLE

Sup. Ct. Case No. HG19013119

**PLAINTIFF'S OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS
PURSUANT TO RULE 12(b)(6) OF THE
FEDERAL RULES OF CIVIL
PROCEDURE**

Hearing Date: August 8, 2019
Time:                11:00 a.m.
Courtroom:      201

Honorable Roger L. Efremsky

## I.     INTRODUCTION

Plaintiff MARY CORETANA submits this Opposition to the Motion to Dismiss of

Defendants REAL TIME RESOLUTIONS, INC., RRA CP OPPORTUNITY TRUST, et al.

---

Case: 19-04026    Doc# 25    Filed: 07/25/19    Entered: 07/25/19 16:14:08    Page 1 of 5

Defendants have moved to dismiss each, and every cause of action stated in the Complaint for Damages and Injunctive Relief. However, the Defendants' Motion to Dismiss should be denied, because defendants never reapplied for an Order restoring the lien following the discharge in bankruptcy.

## II.    ARGUMENT

### A.  MOTION TO DISMISS LEGAL STANDARD

A motion to dismiss as described under Rule 12(b)(6) may only be granted if it appears beyond a doubt that the plaintiff can prove no set of facts that which would entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 46 (1957). Rule 12(b)(6) in other words requires the court to construe the complaint liberally, assume all the facts as true, and draw all reasonable inferences in favor of the plaintiff. *Pareto v. F.D.I.C*, 138 F.3d 696, 699 (9th Cir. 1998). Because Rule 12(b)(6) requires such liberal approach in favor of Plaintiff, the Court should find that the complaint stated several plausible legal claims and sufficient facts that give rise to those plausible legal claims thereby satisfying the legal sufficiency of a complaint. *Conley*, 355 U.S. at 45.

Motions to dismiss for failure to state a claim under the FRCP, Rule 12(b)(6) are viewed with disfavor, and, accordingly, such motions for dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in the plaintiff's favor. *Doe v. U.S.,* 419 F.3d 1058, 1062 (9th Cir. 2005). Inquiry into the adequacy of the evidence is improper. *Enesco v. Price/Costco, Inc.,* 146 F. 3d 1083, 1085 (9th Cir. 1998).

A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court considering either type of motion assumes that the facts alleged in the complaint are true and views the complaint in the light most favorable to the plaintiff.

## B. COMPLAINT ADEQUATELY STATES CLAIMS UPON WHICH RELIEF MAY BE GRANTED

Plaintiff's complaint sufficiently pleads seven causes of action, and it is not "beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." (*Bell Atl. Corp. v. Twombly*). As explained chapter and verse in plaintiff's complaint, In May of 2008, plaintiff and her husband began to experience financial difficulties and with the assistance of their attorney filed a Chapter 13 Bankruptcy, *in re Eutropio Canezares, Mary Elaine Contreras Coretana*, Case No. 08-43574-LJT on July 10, 2008. Unfortunately, plaintiff's husband passed away in 2009, making matters worse.

As a part of the bankruptcy proceedings, plaintiff filed a motion to value the lien which was then owned by Bank of America ("BofA"). On July 30, 2010, the Court issued an order valuing BofA's lien at zero, and further ordered that BofA did not have a secured claim and that the lien may not be enforced. (Ex. A, to Ex. 1 Notice of Removal) **The Court added, "and upon application by the lienholder, the court will enter an appropriate form of order restoring the Lien**." *Id.*

On December 8, 2011 the Court dismissed the case due to procedural issues. Plaintiff heard nothing whatsoever from the Court or BofA relating to the lien thereafter. And it is uncontested that BofA did not apply at any time to have the lien restored. *Id.*

In its notice of removal, defendants REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST 1 baldly asserted that they comprise the current lienholder and current servicer of the lien despite having presented no evidence of title.

In fact, defendants have never appeared in this Court on the bankruptcy case that was dismissed in 2011 and did not contact plaintiff until August 13, 2018 to notify her that they intended to foreclose on the property. (See Dkt. No. 20)

Understanding that the lien had never been reinstated, and that the Bankruptcy case had been dismissed and that defendants had shown zero proof of title, plaintiff filed a consumer protection action in the Alameda County Superior Court on April 2, 2019. (*Coretana v. Real Time Resolutions, et al*, Alameda County Superior Court Case No. HG19013119)

### 1. *The December 8, 2011 Order Did Not Reinstate the Lien, it Vacated Restraining Orders at Most.*

Defendants hang their hats on the court order vacating restraining order as a home run to knock out all seven of plaintiff's claims. (Mot. 6:4-13) Not so. After waiting nearly ten years, defendants are trying to illegally take plaintiff's property. Contrary to Defendants' assertions, this same Curt ordered that the lien holders must reapply for reinstatement after valuing the lien at zero. This order was in response to Debtor's Motion to Value the lien, not an application for a temporary restraining order. (*See* FRBP Rule 3012) Thus, the Court's order valuing the lien at zero was separate and apart from restraining order. (*See* FRBP Rule 7065)

It follows that if the lien was never reinstated, and defendants had no business threatening to foreclose plaintiff's home after nearly ten years of inaction.

---

For these reasons the Court should deny defendants' motion to dismiss plaintiff's complaint.

### III.  CONCLUSION

If the Court agrees with defendants and holds that the claims are flawed, plaintiff seeks leave to amend her complaint to allege claims that comport with the FRCP pleading standards.

A dismissal under Rule 12(b)(6) is proper only in extraordinary circumstances. *United States v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). For our purposes here the case of *Bennett v. Schmidt*, 153 F.3d 516 (7th Cir. 1998) is even more instructive. The court in *Bennett*, at 518, said:

> "Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving – if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment."

The question of Plaintiff's ability to prove her allegations is not at issue in a motion for dismissal under Rule 12(b)(6). The point here is that the standard that defendants must reach to dismiss the claims for failure to state a cause of action are very high. Defendants have clearly failed to meet its burden and therefore the motion should be denied.

VARLACK LEGAL SERVICES

Date: July 25 2019

s/Tiega-Noel Varlack
TIEGA-NOEL VARLACK
Attorney for Plaintiff
MARY CORETANA