NATHANIEL R. LUCEY, Esq. (SBN 260796)
LAURA E. MALKOFSKY, Esq. (SBN 142536)
ERICKSEN ARBUTHNOT
152 North Third Street, Suite 700
San Jose, CA 95112
Tel: (408) 286-0880
Fax: (408) 286-0337

Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| In Re<br><br>EUTROPIO CANEZARES CORETANA and MARY ELAINE CONTRERAS CORETANA,<br><br>Debtors. | Bankruptcy Case No. 08-43574 RLE<br>Chapter 13<br><br>Adversary Proceeding No. 19-4026 RLE<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS REAL TIME RESOLUTIONS, INC. AND RRA CP OPPORTUNITY TRUST 1'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br>[FRCP 12(b)(c)]<br><br>**DATE:** August 8, 2019<br>**TIME:** 11:00 a.m.<br>**CTRM:** 201<br>**JUDGE:** Hon. Roger L. Efremsky |
| MARY CORETANA,<br><br>Plaintiff,<br><br>v.<br><br>REAL TIME RESOLUTIONS, INC., RRA CP OPPORTUNITY TRUST 1, AND DOES 1 THROUGH 10, INCLUSIVE,<br><br>Defendants. | |

Defendant REAL TIME RESOLUTIONS, INC., and RRA CP OPPORTUNITY TRUST 1 (collectively, "RTR" or "Defendants"), submit their Reply Memorandum of Points & Authorities in support of their Motion to Dismiss Plaintiff MARY CORETANA's Complaint pursuant to FRCP 12(b)(6).

## I. LEGAL ARGUMENT

### A. The Complaint Fails to State Claims upon Which Relief May Be Granted Because All Plaintiff's Claims Are based On the Erroneous Belief That the BofA Lien Is Unenforceable

Plaintiff's complaint is based entirely on the erroneous belief that her bankruptcy filing had *discharged* the subject lien and that Defendants had no rights in it. Once it is established by this Court that the lien *has* value, every one of plaintiff's causes of action become meritless and the granting of this motion becomes mandatory. As set forth in the moving papers, on November 10, 2011, the Bankruptcy Trustee filed Trustee's Motion and Declaration to Dismiss Proceedings for Case Deficiencies and Notice Thereon. *(RJN Ex. 2)*. On December 8, 2011, the Bankruptcy Court issued an Order of Dismissal After Case Deficiencies. *(RJN Ex. 3)* Pursuant to the dismissal of the bankruptcy and the terms of the Bankruptcy Court's Order Valuing Lien of Bank of America entered on July 30, 2010, the lien was retained to the extent recognized by applicable non-bankruptcy law. Once this occurred, defendants had the right to pursue collection on the lien.

### B. Plaintiff's Contention That Defendants Do Not Have Title To The Lien Are Irrelevant

Plaintiff contends that defendants REAL TIME RESOLUTIONS, INC. and RRA CP OPPORTUNITY TRUST 1, (referred to collectively as "RTR") never appeared in the Bankruptcy case that was dismissed in 2011 and have failed to present evidence of title. Plaintiff's complaint however, contains no such allegations. Plaintiff cannot raise issues that are absent from her complaint in an attempt to defeat a Motion to Dismiss. The purpose of this motion is to establish that the complaint fails to state a viable cause of action against defendants. The complaint does not raise the issue of RTR's ownership of the lien or involvement in the bankruptcy and therefore any such allegations to the contrary in opposition to this motion are irrelevant.

- 2 -
REPLY MPA ISO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case: 19-04026   Doc# 30   Filed: 08/01/19   Entered: 08/01/19 11:42:20   Page 2 of 4

In her Opposition, Plaintiff writes that she filed this action based on the fact that the lien was never reinstated and that the bankruptcy had been dismiss. Plaintiff and her counsel are being disingenuous in their statements to this Court. The Complaint in this matter alleges that Plaintiff received a discharge and includes a copy of the Order Valuing Lien. The statement is Plaintiff received a discharge is patently false and including only the Order Valuing Lien and not the subsequent dismissal demonstrates a lack of candor.

Also, Plaintiff continues to makes statements that fly in the face of reality when she writes that RTR never appeared in her bankruptcy. As discussed in RTR's Opposition to the Motion for Remand, the Order Valuing Lien at issue in this case was served on RTR. [Request for Judicial Notice ECF Doc. # 13 Ex. 3]

**C. The Order Valuing Lien of Bank Of America Was Self-Contained And No Application by Lienholder Is Necessary to Revert The Lien's Value Back to Extent Recognized by Applicable Nonbankruptcy Law**

Plaintiff's main contention here is that the lien was never reinstated because RTR never sought an application for reinstatement. This argument lacks merit because the Order Valuing Lien of Bank of America was self-contained. Pursuant to the terms of the Order itself, "the Lien shall be retained to the extent recognized by applicable nonbankruptcy law" "[i]f Debtor's chapter 13 case is dismissed." (Order Valuing Lien of Bank of America, Doc. #55 of the underlying Bankruptcy Case, Case Number 08-43574.) Debtor's Chapter 13 Case was dismissed by Court Order on December 8, 2011 (Doc. #66 of the underlying Bankruptcy Case, Case Number 08-43574.) Therefore, the dismissal of the chapter 13 in and of itself triggered the reversion language in the Order Valuing Lien and gave RTR all rights to pursue collection of the subject debt.

It should also be pointed out that the Order Valuing Lien relied on by plaintiff contains the exact same application requirement for the debtor in order to have the discharge of the lien become effective: "(3) Upon entry of a discharge in Debtor's chapter 13 case, the Lien shall be voided for all purposes, and upon application by Debtor, the court will enter an appropriate form of judgment voiding the Lien." Although RTR understands that there was never an entry of discharge in the chapter 13 case and thus this clause is moot, the point is that plaintiff *apparently does not understand that there was no entry of discharge in her chapter 13 and therefore, one*

- 3 -
REPLY MPA ISO MOTION TO DISMISS PLAINTIFF'S COMPLAINT

*would have expected her to have applied for a judgment voiding the Lien if said application was truly a requirement.* The fact that plaintiff did not so apply indicates one of two things: (1) either she views the application requirement to be perfunctory when it applies to her, but a requirement when it applies to RTR; or (2) plaintiff understood all along that she never received a discharge and that her adversarial proceeding has no merit.

### D. Plaintiff Has Failed To Refute Any Of RTR's Arguments Set Forth In The Moving Papers Regarding Plaintiff's Individual Causes Of Action

Plaintiff's opposition failed to address any of RTR's discussion in its moving papers regarding the invalidity of each and every one of plaintiff's causes of action. RTR established that it had a right to pursue collection of the debt from plaintiff. RTR also established that each cause of action alleged in the Complaint lacked one or more required element because the value of the lien has clearly been restored. Plaintiff apparently concedes this point and recognizes that her complaint, in its entirety, fails to state a cause of action and must be dismissed.

## II. CONCLUSION

For the reasons set forth above, RTR respectfully requests that this Motion to Dismiss be granted in its entirety.

DATED: August 1, 2019

ERICKSEN ARBUTHNOT

/s/
_____
NATHANIEL R. LUCEY, Esq.
Attorneys for Defendants
REAL TIME RESOLUTIONS, INC.
and RRA CP OPPORTUNITY TRUST 1